J-A23023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TAMMY BRENNFLECK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAY LANG | |
| Appellant | No. 1864 WDA 2015 |

Appeal from the Order Entered October 30, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No: AR 14-3127

BEFORE: LAZARUS, STABILE, and STRASSBURGER, [*] JJ.

MEMORANDUM BY STABILE, J.:       **FILED FEBRUARY 13, 2017**

Appellant, Jay Lang ("Lang"), appeals from the October 30, 2015 order of the Court of Common Pleas of Allegheny County ("trial court") entering a verdict for Appellee, Tammy Brennfleck ("Brennfleck"), in the amount of $1,550.00. Upon review, we affirm.

The instant matter stems from a contested security deposit in a residential lease between the landlord Lang, and the tenant Brennfleck. Following a hearing on July 9, 2014 in the magisterial district court ("MDJ"), wherein the MDJ entered judgment for Brennfleck in the amount of $902.00, Lang filed a timely appeal to the trial court on July 24, 2014. The same day, the trial court issued a rule to file a complaint on Brennfleck. On August 1,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2014, Brennfleck filed a complaint seeking the return of her $775.00 security deposit from Lang.

Lang filed preliminary objections on September 18, 2014, challenging the specificity of the complaint. The trial court sustained the objections on October 17, 2014, and granted Brennfleck leave to file an amended complaint. Brennfleck complied and filed an amended complaint on October 31, 2014, seeking the return of the $775 security deposit, double damages pursuant to the Landlord Tenant Act,[1] and costs. Lang filed a second set of preliminary objections,which the trial court overruled on January 16, 2015.

On January 23, 2015, Lang filed an answer with new matter and a counterclaim for breach of contract. Brennfleck filed a response on February 13, 2015. Following an arbitration hearing on March 30, 2015, the board of arbitrators entered an award for Brennfleck in the amount of $1,550.00 on her complaint and found in her favor on the counterclaim. On April 29, 2015, Lang filed an appeal from the arbitration award.

On October 30, 2015, the trial court held a non-jury trial. The same date the trial court entered a verdict for Brennfleck in the amount of $1,550.00 against Lang. On November 11, 2015, Lang filed post-trial motions including a motion for a new trial. The trial court denied Lang's post-trial motions on November 17, 2015. On November 24, 2015, Lang

---

[1] 68 P.S. § 250.512(c).

filed the instant appeal. Lang complied with the trial court's order to file a concise statement of errors complained of on appeal on December 28, 2015. The trial court issued a 1925(a) opinion on January 14, 2016.

Lang raises one issue on appeal, which we quote verbatim.

I. Whether the trial court committed an error of law and manifestly abused its discretion in failing to find in favor of [Lang] and against [Brennfleck] when the evidence of record clearly established that the lease provides certain provisions, [Brennfleck] admitting under oath to violating those provisions, [Brennfleck] submitted no evidence and [Lang] submitted evidence, and the [trial court] still found in favor of [Brennfleck] and against [Lang] on the counterclaim.

Appellant's Brief at 2.

Essentially, Lang is raising a challenge to the weight of the evidence, namely that Brennfleck did not present any evidence and the trial court should not have found Brennfleck credible. Our standard of review for a challenge to the weight of the evidence is well established.

Our standard of review in denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion. A new trial will be granted on the grounds that the verdict is against the weight of the evidence where the verdict is so contrary to the evidence it shocks one's sense of justice. An appellant is not entitled to a new trial where the evidence is conflicting and the finder of fact could have decided either way.

*Cangemi v. Cone*, 774 A.2d 1262, 1265 (quoting *Kruczkowska v. Winter*, 767 A.2d 627, 629 (Pa. Super. 2000) (citations omitted)). "Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact."

- 3 -

*Brown v. Trinidad*, 111 A.3d 765, 769 (Pa. Super. 2015). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Id.* at 770.

Pennsylvania statutes provide for the return of a security deposit following the termination of a residential lease.

> (a) Every landlord shall within thirty days of a lease or upon surrender and acceptance of the leasehold premises, whichever first occurs, provide a tenant with a written list of any damages to the leasehold premises for which the landlord claims the tenant is liable. Delivery of the list shall be accompanied by payment of the difference between any sum deposited in escrow, including any unpaid interest thereon, for the payment of damages to the leasehold premises and the actual amount of the damages to the leasehold premises caused by the tenant. Nothing in this section shall preclude the landlord from refusing to return the escrow fund, including any unpaid interest thereon, for nonpayment of rent or for the breach of any other condition in the lease by the tenant.
>
> (b) Any landlord who fails to provide a written list within thirty days as required in subsection (a), above, shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenants for damages to the leasehold premises.

68 P.S. § 250.512.

In the matter *sub judice*, the trial court found that Brennfleck surrendered the leasehold premises on March 19, 2014, and had previously

provided Lang with a forwarding address. Trial Court Opinion, 1/15/16, at 3-4. Thus, the trial court found that Lang was required to provide Brennfleck with a written list of damages by April 18, 2014 pursuant to the Landlord Tenant Act and Lang's letter dated April 23, 2014, was beyond the 30-day deadline. *Id.* at 4; *see also* 68 P.S. § 250.512(a). Upon review of the record, the trial court had a factual basis for its decision and found Brennfleck credible. While Lang argues that Brennfleck "submitted no evidence at all," he fails to acknowledge that Brennfleck's testimony is evidence. *See* N.T. Proceedings, 10/30/2015, at 4-28. Lang further argues that there was "uncontested evidence that [Brennfleck] did not ever send him a forwarding address." Appellant's Brief at 7. This argument is contradicted by the record. *See* N.T. Proceedings, 10/30/2015, at 4-5. For the forgoing reasons we find that the trial court did not abuse its discretion when it denied Lang's motion for a new trial.[2]

Order affirmed. Application to Strike Argument I of Appellee Brief Denied. Application to Dismiss Denied.

---

[2] Lang filed an application to strike the first argument section of Appellee's Brief, which requested quashal of Lang's appeal. In light of the foregoing, Appellant's application is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/13/2017